## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, successor-by-merger to Wachovia Bank, National Association,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRIS RONSON, STRAT G. ZALOUMES, THEODORE J. MANOS and HIDDEN HARBOR OF THE GOLDEN ISLES, LLC,<br><br>  Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

## COMPLAINT FOR A LIQUIDATED AMOUNT ON A
## PROMISSORY NOTE AND GUARANTY AGREEMENTS

COMES NOW Plaintiff Wells Fargo Bank, National Association, successor-by-merger to Wachovia Bank, National Association ("Wells Fargo"), and files its Complaint against Chris Ronson ("Mr. Ronson"), Strat G. Zaloumes ("Mr. Zaloumes"), Theodore J. Manos ("Mr. Manos"), and Hidden Harbor of the Golden Isles, LLC ("Hidden Harbor," collectively the "Defendants"), showing the Court as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.

Wells Fargo Bank, National Association ("Wells Fargo"), is a national banking association with its principal place of business located in Sioux Falls,

South Dakota. Wells Fargo is the successor-by-merger to Wachovia Bank, National Association, and is the successor to all rights under the loan agreements at issue in this litigation and the holder of said loan documents.

2.

Mr. Ronson is an individual who, upon information and belief, resides at 23 Hidden Harbor Road, Brunswick, Georgia 31525.

3.

Mr. Zaloumes is an individual who, upon information and belief, resides at 1427 Waverland Drive, Macon, Georgia 31211.

4.

Mr. Manos is an individual who, upon information and belief, resides at 3022 W. Beach Drive, Oak Island, North Carolina.

5.

Hidden Harbor is a limited liability company organized and existing under the laws of the State of Georgia.  Hidden Harbor's principal office address is 50 Hidden Harbor Road, Brunswick, Georgia 315252.  Hidden Harbor may be served with the Summons and Complaint by serving Mr. Ronson, who is listed with the Georgia Secretary of State as the registered agent for Hidden Harbor, at the registered office for Hidden Harbor, 50 Hidden Harbor Road, Brunswick, Georgia

315252.  Alternatively, Hidden Harbor may be served by serving one of its officers or agents.

6.

The Defendants are subject to personal jurisdiction in this Court.

7.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

8.

A substantial part of the events giving rise the claims occurred in the Southern District of Georgia, Brunswick Division. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

### The Loan Documents

9.

On September 5, 2008, Hidden Harbor executed and delivered a "Promissory Note" in the principal amount of $7,740,000.00, a true and correct copy of which is attached hereto as Exhibit A (the "Note"), and funds were advanced to Hidden Harbor pursuant to the terms of the Note.  Through a series of

3

modifications, which are attached hereto as Exhibit B, the terms of the Note were reaffirmed and the maturity date of the Note was extended until June 30, 2014.

10.

On September 5, 2008, Mr. Ronson executed and delivered an "Unconditional Guaranty," pursuant to which he personally, jointly, and severally guaranteed the payment and performance liabilities and obligations of Hidden Harbor however and whenever incurred (the "Ronson Guaranty").  A true and correct copy of the Ronson Guaranty is attached hereto as Exhibit C.

11.

On September 5, 2008, Mr. Zaloumes executed and delivered an "Unconditional Guaranty," pursuant to which he personally, jointly, and severally guaranteed the payment and performance liabilities and obligations of Hidden Harbor however and whenever incurred (the "Zaloumes Guaranty").  A true and correct copy of the Zaloumes Guaranty is attached hereto as Exhibit D.

12.

On September 5, 2008, Mr. Manos executed and delivered an "Unconditional Guaranty," pursuant to which he personally, jointly, and severally guaranteed the payment and performance liabilities and obligations of Hidden Harbor however and whenever incurred (the "Manos Guaranty" and together with

4

the Ronson and Zaloumes Guaranties, the "Guaranties"). A true and correct copy of the Manos Guaranty is attached hereto as Exhibit E.

**COUNT I**
**<u>Breach of the Note</u>**
(Against Defendant Hidden Harbor)

13.

Wells Fargo incorporates herein by reference the above paragraphs as though fully restated herein.

14.

Hidden Harbor has defaulted on its obligations under the Note by, among other things, failing to make repayment of principal and interest in accordance with the Note's terms.

15.

Wells Fargo notified Hidden Harbor by certified correspondence dated February 2, 2015, that the Note had matured and was in default and demanded immediate repayment of all amounts due and owing thereon. A true and correct copy of the February 2, 2015 correspondence is attached as Exhibit F.

16.

Despite all requisite and proper notice of the default described above, Hidden Harbor has failed and refused to pay the amounts due and owing under the Note, and has failed and refused to cure its default.

17.

As a result of the default described above, Wells Fargo has previously declared and demanded, and hereby further declares and demands, the entire outstanding principal balance of the Note, together with all interest and fees accrued thereon, to be immediately due and payable in accordance with the terms thereof.

18.

By reason of the foregoing, Hidden Harbor is indebted to Wells Fargo under the terms of the Note for principal in the amount of $4,626,351.49, accrued interest in the amount of $273,891.21, late charges of $3,177.58, and appraisal and notary fees totaling $31,945.00, all of which are calculated as of February 23, 2015. Interest continues to accrue at the default rate of $803.19603 per day under the Note.

## COUNT II
### Breach of the Guaranties
(Against Defendants Mr. Ronson, Mr. Zaloumes and Mr. Manos)

19.

Wells Fargo incorporates herein by reference the above paragraphs as though fully restated herein.

20.

Hidden Harbor has failed to meet its obligations to Wells Fargo under the Note as described above.

21.

Wells Fargo notified Mr. Ronson, Mr. Zaloumes and Mr. Manos by certified correspondence dated February 2, 2015, that the Note was in default and demanded immediate payment of all amounts due and owing pursuant to the terms of the Note and the Guaranties. (Exhibit F).

22.

Mr. Ronson, Mr. Zaloumes and Mr. Manos have failed and refused to discharge their obligations under the Guaranties.

23.

By reason of the foregoing, Mr. Ronson, Mr. Zaloumes and Mr. Manos are indebted to Wells Fargo under the terms of the Note and the Guaranties for principal in the amount of 4,626,351.49, accrued interest in the amount of $273,891.21, late charges of $3,177.58, and appraisal and notary fees totaling $31,945.00, all of which are calculated as of February 23, 2015. Interest continues to accrue at the default rate of $803.19603 per day under the Note and Guaranties.

## COUNT III
## Attorney's Fees Pursuant to O.C.G.A. § 13-1-11
(Against all Defendants)

24.

Wells Fargo incorporates herein by reference the above paragraphs as though fully restated herein.

25.

Pursuant to O.C.G.A. § 13-1-11, and by certified correspondence dated February 2, 2015, Wells Fargo notified Defendants of its intention to enforce the provisions of the Note and Guaranties relating to attorney's fees and other matters. (Exhibit F).

26.

Wells Fargo reiterates its demand and hereby notifies Defendants that the obligations specified in the Note and Guaranties have matured and that Wells Fargo intends to enforce the attorney's fees provisions contained in the Note and Guaranties.

27.

Unless the total indebtedness of $4,935,365.28 on the Note and Guaranties is paid within ten (10) days of Defendants' receipt of this Complaint, Wells Fargo will be entitled to recover as attorney's fees fifteen percent (15%) of the first $500.00 of principal and accrued interest owing on the Note and Guaranties,

and ten percent (10%) of the remaining principal and accrued interest, which amounts to $490,049.27 as of February 23, 2015.

## COUNT IV
### Attorney's Fees and Costs of Collection Pursuant to the Loan Documents
(Against all Defendants)

28.

Wells Fargo incorporates herein by reference the above paragraphs as though fully restated herein.

29.

In the alternative to the statutory attorney's fees sought in Count III and pursuant to the express terms of the Note and Guaranties, Wells Fargo is entitled to receive from Defendants its reasonable expenses incurred to enforce or collect the obligations under the Note and Guaranties, which include without limitation attorney's fees, legal costs and expenses in an amount to be proven at trial.

**WHEREFORE,** Wells Fargo prays that this Court grant judgment in its favor and against the Defendants as follows:

(a)   On Counts I and II of its Complaint, jointly and severally, against the Defendants in the total amount of $4,935,365.28, which is calculated as of February 23, 2015, with interest that continues to accrue until judgment is entered; and

(b)     On Count III of its Complaint, jointly and severally, against Defendants for statutory attorney's fees under O.C.G.A. § 13-1-11 in the total amount of $490,049.27, which is calculated through February 23, 2015; and

(c)     On Count IV of its Complaint, jointly and severally, against the Defendants for reasonable and necessary attorneys' fees in an amount to be proven at trial; and

(d)     For such other and further relief as this Court deems just and proper under the circumstances.

This 25th day of February, 2015.

SMITH, GAMBRELL & RUSSELL, LLP

/s/ Stephen E. O'Day
Stephen E. O'Day
Georgia Bar No. 549337

1230 Peachtree Street, NE
Suite 3100 – Promenade
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7001
Email: soday@sgrlaw.com

*Attorney for Plaintiff*

SGR/12788670.2

10